UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-201-GNS-LLK

MELISSA R. JOHNSON                                                                                              PLAINTIFF

V.

YUM! BRANDS, INC. d/b/a TACO BELL;
YUM! BRANDS, INC.;
TACO BELL CORPORATION; and
TACO BELL OF AMERICA, LLC                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Court's *sua sponte* motion to determine whether subject matter jurisdiction exists. Based upon the Court's review of the Complaint, the parties are not diverse as required by 28 U.S.C. § 1332. Because there is no other basis for jurisdiction, the Court will dismiss all claims asserted in the Complaint without prejudice due to lack of subject matter jurisdiction.

### I.     STATEMENT OF FACTS

As alleged in the Complaint, Plaintiff Melissa R. Johnson ("Johnson") is a resident of Kentucky. (Compl. ¶ 1, DN 1). Defendant Yum! Brands, Inc. d/b/a Taco Bell ("Taco Bell") has is principal place of business in Kentucky, which Defendants deny. (Compl. ¶ 2; Answer ¶ 2, DN 8). Defendant Yum! Brands, Inc. ("Yum! Brands") is a foreign corporation but has its principal place of business in Kentucky, which Defendants admit. (Compl. ¶ 3, Answer ¶ 3). Defendant Taco Bell Corporation ("Taco Bell Corporation") is incorporated and has its principal place of business in California, which Defendants admit. (Compl. ¶ 4; Answer ¶ 4). Taco Bell

of America, LLC ("Taco Bell of America") is a limited liability company organized in Delaware but with its principal place of business in California, which Defendants admit. (Compl. ¶ 5; Answer ¶ 5). Johnson alleges that her damages exceed the jurisdictional limits of the Court. (Compl. ¶ 6).

On April 12, 2015, Johnson alleges that she purchased food from Defendants at a restaurant located in Hopkinsville, Kentucky. (Compl. ¶ 12). Unbeknownst to Johnson, there was a piece of plastic in the food, and she was injured when she attempted to consume the food. (Compl. ¶¶ 13-17). In the Complaint, Johnson asserts negligence and product liability claims against Defendants. (Compl. ¶¶ 18-28).

## II.     DISCUSSION

In relevant part, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—**(1)** citizens of different States . . . ." 28 U.S.C. § 1332 (a)(1). The Supreme Court has held that this Congressional grant of jurisdiction requires complete diversity of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). Complete diversity does not exist, however, when a plaintiff is "a citizen of the same state as any defendant." *Shea v. State Farm Ins. Cos.*, 2 F. App'x 478, 479 (6th Cir. 2001) (citations omitted).

In this case, there is not complete diversity between Plaintiff and Defendants. As outlined above, Johnson is a resident of Kentucky, and Yum! Brands is also a Kentucky resident because it has its principal place of business in Kentucky. *See Phelps v. Nationwide Ins. Co.*, 37

F. App'x 752, 753 (6th Cir. 2002). Because complete diversity does not exist, this Court lacks subject matter jurisdiction of this action under 28 U.S.C. § 1332.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that all claims be **DISMISSED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
October 27, 2015

cc: counsel of record